ABENHEIM *et al. v.* SAMUELS.

*(Supreme Court, General Term, First Department.　March 29, 1889.)*

TRIAL—OBJECTIONS TO EVIDENCE—CUMULATIVE EVIDENCE.

　　It is error to exclude evidence, otherwise competent, merely because it is cumulative.

Motion for reargument. For opinion on appeal, see 1 N. Y. Supp. 868.
Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.
*R. S. Newcombe*, for the motion.　*Leopold Wallach*, opposed.

PER CURIAM. The grounds upon which this motion for reargument is urged are that the evidence which the court deemed to have been improperly

[1] 48 Hun, 614 *mem.*

excluded was cumulative, and that the evidence of one of the witnesses was being read from a commission, and that another of the witnesses was asked the question which the court thought improperly excluded, upon his redirect examination. The fact that the evidence which was improperly excluded was cumulative, has not yet been deemed a good ground for sustaining the ruling. A party who offers evidence in proper time is just as much entitled to its reception whether it is cumulative or not, and that fact does not in many instances lessen its importance. The fact that the evidence of the witness Theodore H. Morris was being read from a commission did not escape the attention of the court upon the decision of the appeal, but was duly considered. This fact in no way rendered it impossible to supply the deficiency which the court in its opinion suggested might have formed a basis for the ruling, had the objection been taken upon that ground. The identity of the iron examined by the witness might have been established by other evidence, and his competency also to speak as an expert. The objection that the witness Ezra Bertolet was testifying upon his redirect examination at the time of the asking of the question improperly excluded in no way justified the ruling. The evidence was not excluded upon that ground, but because the evidence was incompetent; and we do not know whether the court would have sustained an objection, even if it may have had the power so to do, upon the ground that the witness was being examined upon the redirect. Unfortunate as it may be for the plaintiff that these errors should have crept into the trial, yet they seemed to be of so much importance that it was impossible to disregard them, and we were compelled to order a new trial, and the points suggested upon this motion in no way tend to obviate that necessity. The motion must be denied, with $10 costs.